IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>KYNTRAL WATKINS,<br><br>                    Defendant. | 8:17CR132<br><br>MEMORANDUM<br>AND ORDER |

    This matter is before the Court on defendant Kyntral Watkins's ("Watkins") pro se motion seeking appointment of counsel (Filing No. 86). Within that motion, he seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based upon a retroactive change to the United States Sentencing Guidelines ("U.S.S.G."), *see* U.S.S.G. § 4A1.1(e). Watkins believes he is entitled to a reduction in sentence based upon Part A of Amendment 821. Specifically, he claims that he is entitled to an adjustment of his criminal history category due to Amendment 821's removal of so-called "status points."

    Watkins ably raises the issue, and he is correct that he is <u>eligible</u> for such a reduction.[1] However, there is a second step in that process wherein the district court applies its discretion to determine whether the authorized reduction is warranted. *See, United States v. Youngman*, 2025 WL 1554929 (8th Cir. June 2, 2025) (unpublished per curiam) (citing *Dillon v. United States* 560 U.S. 817, 826-27 (2010)). Under U.S.S.G. § 1B1.10 cmt. n.(1)B, the Court must consider the 18 U.S.C. § 3553(a) sentencing factors, public-safety considerations, and post-sentencing conduct.

    Watkins was originally charged for a series of armed robberies in a ten-count indictment. As part of a negotiated Federal Rule of Criminal Procedure Rule 11(c)(1)(C)

---

[1]Watkins is eligible for a sentence reduction on Count IX of up to 90 months as noted in the worksheet prepared by the United States Probation Office (Filing No. 87).

plea agreement, Watkins pleaded guilty to Counts IX and X of the Indictment. Under the plea agreement, Watkins agreed to a mandatory-minimum sentence of 120 months on Count X. Although Count IX carried a guideline range of 37 to 46 months, the agreement contemplated an upward variance on that count to 120 months in exchange for the government's dismissal of the other counts.[2] Those terms were to be served consecutively for a total of 240 months.

Although the removal of the status points make the defendant eligible for a 90-month reduction in his sentence, the Court will not order such a reduction. Watkins's plea agreement eliminated the possibility of the additional consecutive 25-year sentences (or an additional 100 years total). The conduct he pleaded guilty to involved the armed robbery of a Kwik Shop near Omaha, Nebraska, and the discharge of a firearm during the course of that robbery. In addition, he was originally charged in at least five additional robberies and each of the additional robberies involved a firearm, and he admitted to those as relevant conduct. Moreover, the Bureau of Prisons records indicate that Watkins received disciplinary sanctions for possessing a dangerous weapon in June of 2018.

While Watkins is commended for having completed some programming and has obtained his GED while incarcerated, that alone does not tip the scales in favor of relief here.

Based upon the nature of the convictions and other relevant conduct, the nature of the Rule 11(c)(1)(C) plea agreement, and the Watkins's criminal history and the Court's review and application of the 18 U.S.C. § 3553(a) factors, the Court denies the requested relief.

---

[2]Counts II, IV, VI and VIII, which charged a violation of 18 U.S.C. § 924(c) and each carried a mandatory consecutive term of not less than 25 years, were dismissed pursuant to the plea agreement.

Based upon the foregoing, defendant Kyntral Watkins's Request for Appointment of Counsel and Motion for relief under amendment 821 of the Sentencing Guidelines (U.S.S.G. § 4A1.1(e)) (Filing No. 86) are denied.

IT IS SO ORDERED.

Dated this 26th day of June 2025.

BY THE COURT:

*Robert F. Rossiter, Jr.* (signature)

Robert F. Rossiter, Jr.
Chief United States District Judge